**Betsy SOUZA**

*v.*

**RAYTHEON COMPANY.**

**82–312–Appeal.**

Supreme Court of Rhode Island.

April 12, 1985.

Raul L. Lovett, Marc B. Gursky, Lovett Morgera Schefrin & Gallogly, Ltd., Providence, for plaintiff.

H. Eliot Rice, Rice Dolan Kiernan & Kershaw, Providence, for defendant.

OPINION

MURRAY, Justice.

This case comes before us on the appeal of Betsy Souza (Souza) from a denial of her

original petition for benefits to the Workers' Compensation Commission (the commission). Both the trial commissioner and the appellate commission found that Souza's petition was untimely and held that it was barred by G.L.1956 (1979 Reenactment) § 28–35–57. We reverse.

The uncontroverted medical evidence presented below, through Souza's physician, shows that Souza, while in the employ of Raytheon, suffered a disabling injury on July 2, 1979 as a result of her inhalation of hysol gas fumes that were prevalent in her work place. The injury caused Souza to miss approximately four weeks' work. Souza was scheduled to return to work on July 31, 1979, but received a call from Raytheon sometime prior to this date informing her not to return—there was no longer any work for her. The instant petition was filed on October 16, 1979. It sought benefits for total incapacity for the period from July 2, 1979, to July 31, 1979, and benefits for partial incapacity thereafter.

Souza's exposure to hysol fumes on July 2, 1979 was not her first such exposure, nor was it the first time she was disabled as a result of exposure to the fumes. In fact, Souza had a long history of temporary incapacities as a result of inhalation of the noxious fumes. The first incident occurred in 1973, and before the year was over Souza had been temporarily incapacitated five times as a result of the hysol. With the exception of one two-week incapacity, Souza always returned to work within two or three days of her exposure. Raytheon had cleaned the various air ventilation and filtering mechanisms in Souza's work place and she remained symptom-free until August 13, 1975, when she again succumbed to the fumes. Again, Souza returned to work in a few days and again Raytheon cleaned the ventilation. Two years later, on April 6, 1977, the incident recurred. It was time to clean the ventilation systems. Raytheon did and Souza returned to work after a few days of incapacity. In all, and not counting the 1979 incident, Souza was

felled by the gas seven times. She always returned to work promptly after a short rehabilitation period. She never, until her October 1979 petition, sought benefits under the workers' compensation laws. Raytheon now argues, and the Commission found, that Souza's failure to seek compensation for her 1973, 1975, and 1977 injuries bars her from compensation for her 1979 injury. We disagree.

■ Souza's injury is properly characterized as an "occupational disease" within the meaning of G.L.1956 (1979 Reenactment) § 28–34–2. Under § 28–34–2(28) an occupational disease includes "inflammation of the * * * oral or nasal cavities due to * * * fumes, gases, or vapors." Classification of an injury as an occupational disease under § 28–34–2, however, does nothing to affect the normal course of a workers' compensation claim. In fact, § 28–34–2 specifically states that "[t]he disablement of any employee resulting from an occupational disease * * * shall be treated as the happening of a personal injury * * * and the procedure and practice provided in said chapters [29 to 38] shall apply to all proceedings * * *."

■ The commission apparently was of the mind that an occupational disease could occur only once, and that a petition must be filed within three years of that one occurrence. Under this theory, the statute of limitations as to Souza's claim began to run in 1973, the first time she was stricken by the hysol gas. This, however, is not the case. The term "occupational disease," as defined by § 28–34–2, means simply one of the injuries set forth in that section. It does not carry with it the common lay definition. An occupational disease under § 28–34–2 includes a disability due to inflammation of the nasal or oral cavities as a result of exposure to gases or vapors (§ 28–34–2(28)), disability due to blisters (§ 28–34–2(26)), or disability due to frostbite (§ 28–34–2(31)). In fact, an occupational disease under that section is a "[d]isability arising from * * * the peculiar characteristics of the employment." Section

28–34–2(33). To say that once a worker is disabled, however temporarily, from an injury arising from the "peculiar characteristics of the employment" she must file a claim or run the risk of untimeliness in any later claim is, we believe, contrary to the intention and meaning of the statute. Every worker who received a blister at work would be forced to file a claim or lose any future rights to compensation for blisters.

Betsy Souza was disabled on July 2, 1979. She is seeking compensation only for that disablement. The fact that she had been previously disabled by the same noxious gas has no bearing on the 1979 petition. Nor does the fact that her injury is an occupational disease under the workers' compensation laws.

The appeal of the employee Betsy Souza is granted. The decision of the Workers' Compensation Commission is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.